IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FREDERICK CLAYTON GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV342 |
| | ) | 1:06CR103-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses involving cocaine base (crack) under 21 U.S.C. § 841(b)(1)(A) and (B). Here, initial screening of Petitioner's filing reveals that Petitioner was convicted of such an offense and that he was sentenced under the statutory provisions in effect prior to August 3, 2010. Therefore, he is eligible to assert a claim under Section 404 of the First Step Act. See United States v. Wirsing, 943 F.3d. 175 (4th Cir. 2019).

However, Petitioner's Motion [Doc. #61] should be denied because initial screening of Petitioner's Motion reveals that Petitioner was convicted of an offense involving cocaine base (crack) under 21 U.S.C. § 841(b)(1)(B), that the amount of cocaine base used as the basis for the conviction was 40.8 grams in both the Indictment and Plea Agreement, and that if the Fair Sentencing Act of 2010 is applied the offense would still fall within 21 U.S.C. § 841(b)(1)(B). Therefore, although the offense is a "covered offense" which allows Petitioner to bring a First Step Act Claim, sentencing him "as if" the Fair Sentencing Act had been in effect at his initial sentencing would not produce a change in the applicable statutory penalties or his sentencing range under the United States Sentencing Guidelines, which was calculated under career offender provisions (see Order [Doc. #30] (denying relief under 18 U.S.C. § 3582(c)(2) because Petitioner's was sentenced as a career offender)). The decision whether to grant relief under the First Step Act is within the discretion of the Court, and in the circumstances of this case, Petitioner's pending First Step Act motion should be denied.

Petitioner also does not appear to raise any separate claim under 28 U.S.C. § 2255, but the Court treated his filing as a Motion [Doc. #61] under that statute for administrative purposes and out of an abundance of caution given that Petitioner seeks to attack the sentence he received in this Court. If Petitioner does seek to raise a claim under § 2255, he should contact the Clerk's Office to obtain the proper § 2255 forms and file his Motion

2

using those forms.[1] The present action should be dismissed without prejudice to him doing so.

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed sua sponte without prejudice to Petitioner filing a corrected motion on the proper § 2255 forms if he seeks to attack his sentence under that statute.

This, the 11th day of March, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. Further, the Court notes that Petitioner previously filed a motion under § 2255 (No. 1:11CV1052) which was granted in part and denied in part and resulted in an Amended Judgment that vacated one of two counts of conviction but did not affect Petitioner's conviction or sentence for the remaining count. It is therefore possible that any new § 2255 filing could already be considered a second or successive motion for which Petitioner would need permission to file. The Court does not need to decide that issue at this point, but would address it upon any refiling by Petitioner should he make one.